IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. _____

BARBARA OWENS, Individually and
as Personal Representative of the
Estate of RUSSELL OWENS,

    Plaintiff,

v.

AMERICAN HONDA MOTOR COMPANY,
INC., et al.,

    Defendants.

## NOTICE OF REMOVAL OF ACTION PURSUANT TO
## 28 U.S.C. SECTIONS 1442(a)(1) AND 1446(a)

TO THE CLERK OF THE ABOVE-REFERENCED COURT:

PLEASE TAKE NOTICE that Defendant Elliott Company, improperly identified as Elliott Turbomachinery Co., Inc. (hereinafter "Elliott"), a Delaware corporation, hereby gives notice of removal of this action to the United States District Court for the Middle District of Florida from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. Removal is pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446(a), which confer subject-matter jurisdiction to adjudicate claims against persons acting under an officer or agency of the United States. The grounds for removal are more particularly stated as follows:

1. On or about April 5, 2010, Plaintiff filed a Complaint in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Case No. 10-007398 Z, alleging

1

that Plaintiff's Decedent, Russell Owens ("Decedent"), died of lung cancer as a result of his alleged exposure to asbestos-containing products manufactured, sold and/or distributed by this Defendant and numerous other Defendants. A true and correct copy of the Complaint served upon Defendant Elliott is attached hereto as Exhibit A pursuant to 28 U.S. C. §1446(a).

2. Defendant Elliott was served with the Complaint on October 1, 2010. A true and correct copy of the Summons is attached hereto as Exhibit B. All other process, pleadings, and orders served on this Defendant in this action are attached hereto as Composite Exhibit C.

3. This Notice of Removal has been timely filed within thirty (30) days of service of the Complaint by which Defendant Elliott first received notice of the facts indicating that this case was removable within the meaning of 28 U.S.C. § 1446(b).

4. Plaintiff's design and warning claims are based on allegations the Russell Owens was exposed to asbestos-containing products manufactured and sold by Defendant Elliott to the United States Navy. Plaintiff's Exposure Sheets, attached to the Complaint, indicate that Russell Owens was exposed to Defendant Elliott's "turbines, boilers" on two United States Navy vessels -- the USS Bremerton, from 1957- 1960, and the USS Coral Sea, from 1960-1962. *See* Exhibit A.

5. The basis for the removal of this action is federal officer removal pursuant to 28 U.S.C. § 1442(a)(1). *See Mesa v. California,* 489 U.S. 121, 109 S. Ct. 959, 103 L. Ed. 3d 99 (1989).

6. Should Plaintiff file a motion to remand this case, Defendant respectfully requests an opportunity to respond more fully in writing, including the filing of affidavits, but offers the following averments and authorities at this time regarding removal. *See Hagen v. Benjamin Foster Co.,* 2010 U.S. Dist. LEXIS 101829, at *19 n.8 (E.D. Pa. Sept. 24, 2010) (noting that under Section

2

Fowler White Burnett P.A. • Espirito Santo Plaza, 1395 Brickell Avenue, 14th Floor, Miami, Florida 33131-3302 • (305) 789-9200

1446 a removing defendant is only required to file "a notice of removal signed pursuant to Rule 11 . . . containing a short and plain statement of the guards for removal," and that "facts" supporting federal officer removal and the government contractor defense may be cited in response to a motion to remand).

7. Removal pursuant to 28 U.S.C. § 1442(a)(1) is appropriate where the moving party can demonstrate that (1) the defendant has a colorable federal defense to a plaintiff's claims; (2) a defendant has acted under the direction of a federal officer; and (3) there is a causal connection between the plaintiff's claims and the contractor's conduct under asserted official authority. *Mesa,* 489 U.S. at 131; *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 967 n.2 (8th Cir. 2007) (citing *Jefferson County v. Acker*, 527 U.S. 423, 430-31 (1999)); *Hagen,* 2010 U.S. Dist. LEXIS 101829, at *15; *Marley v. Elliott Turbomachinery Co., Inc.*, 545 F. Supp. 2d 1266, 1270-71 (S.D. Fla. 2008); *Machnik v. Buffalo Pumps, Inc.*, 506 F. Supp. 2d 99 (D. Conn. 2007); *Ferguson v. Lorillard Tobacco Co.*, 475 F. Supp. 2d 725, 729 (N.D. Ohio 2007).

8. There is little question that Section § 1442 (a)(1) is to be interpreted expansively in favor of removal. *See, e.g., Jefferson County v. Acker,* 527 U.S. 423, 431 (1999); *Willingham v. Morgan,* 395 U.S. 402, 407 (1969); *Durham v. Lockheed Martin,* 445 F. 3d 1247, 1252 (9th Cir. 2006) ("[W]hen federal officers and their agents are seeking a federal forum, we are to interpret section 1442 broadly in favor of removal"); *Sun Buick, Inc. v. Saab Cars USA, Inc.,* 26 F. 3d 1259, 1262 (3d. Cir. 1994) (distinguishing the general removal standard from the liberal removal standard under Section 1442(a)). As the Supreme Court stated in *Willingham,* 395 U.S. at 407-08: "One of the most important reasons for removal is to have the validity of the defense of official immunity tried in a

federal court. The officer need not win his case before he can have it removed." The policy favoring removal "should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." *Id.* at 407. Thus, it is sufficient if the federal defense is merely colorable. *See, e.g., Hagen,* 2010 U.S. Dist. LEXIS 101829, at *23-4; *Marley,* 545 F. Supp. 2d at 1271 (quoting *Nesbiet v. General Electric Co.,* 399 F. Supp. 2d 205, 211 n.44 (S.D.N.Y. 2005)) ("Thus, a defense may be colorable even if the court ultimately rejects it. Indeed, no determination of fact is required at the removal stage. All a removing defendant needs to do is make a showing that his federal defense 'is not without foundation and made in good faith.'").

9. Elliott is raising the government contractor defense to liability for injuries allegedly sustained by Russell Owens from exposure to asbestos-containing turbines and/or boilers on board U.S. Navy vessels, insofar as such equipment was allegedly manufactured by Elliott. The government contractor defense consists of three components: the United States approved reasonably precise specifications; the equipment conformed to the specifications; and the contractor warned the government about dangers known to the contractor, but not the government. *Boyle v. United Technologies Corp.,* 487 U.S. 500, 108 S. Ct. 2510, 101 L. Ed. 3d 442 (1988). As explained in *Watson v. Philip Morris Companies,* 551 U.S. 142, 127 S. Ct. 2301, 2308, 168 L. Ed. 2d 42 (2007), government contractor immunity serves a vital role: "The private contractor in such cases is helping the Government to produce an item that it needs. The assistance that private contractors provide federal officers goes beyond simple compliance with the law and helps officers fulfill other basic governmental tasks . . . ." *And see Durham,* 445 F.3d at 1253 ("If the federal government can't guarantee its agents access to a federal forum if they are sued . . . it may have difficulty finding

anyone willing to act on its behalf."); *Corley v. Long-Lewis, Inc.*, 688 F. Supp. 2d 1315, 1320 n.3 (N.D. Ala. 2010) (quoting *Tozer v. LTV Corp.*, 752 F.2d 403, 406 (4th Cir. 1986)) ("In the military context, this immunity serves the further important purpose of shielding sensitive military decisions from scrutiny by the judiciary, the branch of government least competent to review them. Application of ordinary tort law to military design and procurement decisions is not appropriate, for the government "is required by the exigencies of our defense effort to push technology towards its limits and thereby incur risks beyond those that would be acceptable for ordinary consumer goods."). "Without the [government contractor] defense, the government's own tort immunity for its discretionary functions would be undermined . . . ." *Corley*, 688 F. Supp. 2d at 1320 n.3.

10. Plaintiff's claims are based on Russell Owens' alleged exposure to asbestos from material and equipment installed on Navy vessels. Any equipment manufactured for the U.S. Navy by Defendant Elliott was manufactured under the direction of a federal officer. Defendant designed and manufactured the subject equipment sold to the U.S. Navy according to precise, detailed Navy specifications, which enforced compliance with those design specifications. No aspect of the design of such equipment escaped the close control of the U.S. Navy and its officers, including warnings. The U.S. Navy specified what was to be written, posted, printed and published on any nameplate or signage for any machine Defendant manufactured for the United States Navy, and controlled or dictated the warnings pertaining to the equipment. *See Marley*, 545 F. Supp. 2d at 1272-73 (motion to remand *denied* in view of colorable government contractor defense asserted by Elliott based on Navy's control over warnings regarding equipment manufactured by Elliott); *Machnik*, 506 F. Supp. 2d 99; *Nesbiet*, 399 F. Supp. 2d at 212. Accordingly, Defendant Elliott's alleged failure to warn of

5

the hazards of asbestos resulted from the Navy's control over the warnings, and the allegedly defective design of the products resulted from the Navy's control over the design of the equipment, demonstrating that "the defendants' relationship with the plaintiff derived solely from the defendants' official duties," and satisfying the "acting under" and "causal nexus" requirements of federal officer removal. *Marley*, 545 F. Supp. 2d at 1274; *Nesbiet*, 399 F. Supp. 2d at 212. *See also McAboy v. IMO Industries*, 2005 U.S. Dist. LEXIS 29387, at *14 (W.D. Wash. 2005) (Elliott established a colorable claim for federal officer removal with inference that government controlled warning labels; Elliott conformed to government specifications; the government had superior knowledge of the health risks; and there was proof of a causal nexus between Elliott's acts under the direction of a federal officer and plaintiff's injuries).

11. Numerous courts have denied remand motions in factually similar cases based upon exposure to asbestos-containing Navy equipment. Recently, in *Marley*, 545 F. Supp. 2d at 1275, which involved allegations against Elliott comparable to those presented here, the District Court for the Southern District of Florida, *denied* a motion to remand, concluding that Elliott had sufficiently shown a colorable federal contractor defense and causal nexus. *See also Hagen*, 2010 U.S. Dist. LEXIS 101829, at *39-45; *Corley*, 688 F. Supp. 2d at 1333-1335; *Kirks v. General Electric Co.*, 654 F. Supp. 2d 220, 224-25 (D. Del. 2009); *Harris v. Rapid American Corp.*, 532 F. Supp. 2d 1001 (N.D. Ill. 2007); *Machnik*, 506 F. Supp. 2d 99; *Ferguson*, 475 F. Supp. 2d at 729; *Ballenger v. Agco Corp.*, 2007 U.S. Dist. LEXIS 47042 (N.D. Cal. June 22, 2007); *Nesbiet*, 399 F. Supp. 2d at 210.

12. Defendant Elliott is a "person" within the meaning of the statute. Courts have recognized that a corporation can be a "person" under 28 U.S.C. § 1442(a). *Ferguson*, 475 F. Supp. 2d at 729;

6

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131-3302 • (305) 789-9200

*Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 839, 845 n.3 (S.D. Ill. 2006) (citing *Camacho v. Autoridad de Telofonos de Puerto Rico*, 868 F.2d 482, 486-87 (1st Cir. 1989)); *Davidson v. Arch Chems. Specialty Prods., Inc.*, 347 F. Supp. 2d 938, 941 (D. Or. 2004).

13. Defendant Elliott is not required to notify and obtain the consent of any other Defendant in this action in order to remove this matter pursuant to 28 U.S.C. § 1442(a)(1). *See, e.g., Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1034-35 (10th Cir. 1998); *Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981); *Fowler v. Southern Bell Tel. & Tel. Co.*, 343 F.2d 150, 152 (5th Cir. 1965).

14. A Notice of Filing of Notice of Removal, along with a copy of this Notice of Removal, will be timely filed with the District Court Administrator for the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, for filing with the state court action and will be served upon all counsel of record. A true and accurate copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit D.

15. Defendant files herewith the civil cover sheet and has made payment of the required filing fee.

16. Removal of this action is proper under 28 U.S.C. § 1442(a)(1) because Defendant Elliott acted under the control of the office of the Navy, has raised a colorable federal defense, and has shown a causal nexus between Plaintiff's claims and conduct performed under federal direction.

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131-3302 • (305) 789-9200

WHEREFORE, Defendant Elliott Company, pursuant to 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 1446, removes this action from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida to the United States District Court for the Middle District of Florida.

Respectfully submitted,

*[signature]*

Edward J. Briscoe
Fla. Bar No. 109691
ebriscoe@fowler-white.com
Helaine S. Goodner
Fla. Bar No. 462111
hgoodner@fowler-white.com
FOWLER WHITE BURNETT P.A.
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, Florida 33131-3302
Telephone: (305) 789-9200
Facsimile: (305) 789-9201
*Counsel for Elliott Company*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 28th day of October, 2010 to David A. Jagolinzer, Esq., The Ferraro Law Firm, P.A., Counsel for Plaintiff, 4000 Ponce de Leon Boulevard, Suite 700, Miami, FL 33146.

*[signature]*
Helaine S. Goodner

W:\81413\NOTREM00.HSG

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131-3302 • (305) 789-9200